UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

v.                                                             Criminal Case No. 09-20444
                                                            Civil Case No. 18-11511

Brennen Ray Mitchell,

                                                            Sean F. Cox

    Defendant/Petitioner.                   United States District Court Judge

_____/

## OPINION & ORDER DENYING
## MITCHELL'S MOTION UNDER 28 U.S.C. § 2255

This matter is currently before the Court on Defendant/Petitioner Brennen Ray Mitchell's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government opposes the motion on numerous grounds, including that motion is barred by Mitchell's appeal waiver in his Rule 11 Plea Agreement. Because the files and records of the case conclusively show that Mitchell is entitled to no relief as to the claims in this § 2255 motion, an evidentiary hearing is not necessary and the matter is ripe for a decision by this Court. For the reasons set forth below, the Court denies the motion and declines to issue a certificate of appealability.

## BACKGROUND

In Criminal Case Number 09-20444, Mitchell was charged with possession of stolen firearms, in violation of 18 U.S.C. § 922(j). (Count I of the First Superceding Information).

On November 13, 2009, pursuant to a written Rule 11 Plea Agreement, Mitchell pleaded guilty to the sole count in the First Superceding Information, possession of a stolen firearm. The Rule 11 Plea agreement provided that Mitchell's sentence of imprisonment "will be 120

months." (ECF No. 11 at PageID.20). Mitchell's Rule 11 Agreement also included the following appeal waiver:

> 7. <u>APPEAL WAIVER</u>
>
> Defendant waives his/her right to appeal his/her conviction(s) and may only appeal or otherwise challenge any part of his/her sentence(s) to which he/she has not stipulated in the plea agreement and attached worksheets. The government agrees not to appeal any sentence within the guideline range it has recommended in this agreement.
> Defendant understands that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitioner, or independent civil actions. **As part of this agreement, however, defendant knowingly and voluntarily waives that right and agrees not to contest his/her conviction or sentence in any post-conviction proceeding, including – but not limited to – any proceeding under 28 U.S.C. § 2255.**

(ECF No. 11 at PageID.22) (emphasis added).

Page 7 of the Rule 11 Plea Agreement that Mitchell signed included the following affirmation, just above his signature:

> By signing below, defendant acknowledges having read (or been read) this entire document, understanding it, and agreeing to it terms. Defendant also acknowledges being satisfied with defense attorney's advice and representation. Defendant acknowledges having had a full and complete opportunity to confer with counsel, and that all of defendant's questions have been answered by counsel.

(*Id*. at PageID.24).

Before accepting Mitchell's guilty plea, on November 13, 2009, this Court engaged in an extensive colloquy with Mitchell to determine his competency and to ensure that he was knowingly and voluntarily entering into the Rule 11 Plea Agreement. (11/13/09 Tr., ECF No. 29). Mitchell's sworn responses to the Court's questions included the following:

| THE COURT: | All right. Mr. Mitchell, you're still under oath. I'm going to ask you some questions regarding the facts of the crime with which you're charged. You must tell the truth. Any |

| | |
|---|---|
| | false answers could be used against you in a separate prosecution for perjury and false statement. Do you understand? |
| THE DEFENDANT: | I do, your Honor. |
| THE COURT: | What is your full name? |
| THE DEFENDANT: | Brennen Ray Mitchell. |
| THE COURT: | Do you understand that you have a constitutional right to remain silent and not incriminate yourself? |
| THE DEFENDANT: | Yes, I do. |
| THE COURT: | Do you wish to give up that right now and plead guilty to Count 1 of the first superceding information? |
| THE DEFENDANT: | Yes, I do, your Honor. |

. . . .

| | |
|---|---|
| THE COURT: | Mr. Mitchell, have you heard the charges that have been made against you? |
| THE DEFENDANT: | Yes, I have, your Honor. |
| THE COURT: | And have you – have you discussed the charges as well as the sentencing consequences of these charges with Mr. Sasse? |
| THE DEFENDANT: | Yes, I have, your Honor. |
| THE COURT: | And has Mr. Sasse answered each and every question that you have regarding the charge, as well as the sentencing consequences of the charge? |
| THE DEFENDANT: | Yes, he has, your Honor. |

. . . .
| | |
|---|---|
| THE COURT: | Now, it's my understanding that you have executed a Rule 11 plea agreement which was been marked as Exhibit 1; is that true? |

THE DEFENDANT: Yes, I have, your Honor.

THE COURT: All right. And has that been marked as Exhibit 1, again?

THE DEFENDANT: It has, your Honor.

THE COURT: And does your signature appear on the document, Mr. Mitchell?

THE DEFENDANT: Yes, it does, your Honor.

THE COURT: At what page?

THE DEFENDANT: Page 7, your Honor.

. . . .

THE COURT: Okay. Before you signed the document, did you read the document as well as the attached worksheets, which just – which have just been identified on the record?

THE DEFENDANT: Yes, I have, your Honor.

THE COURT: Before you signed Exhibit 1, did you review Exhibit 1 with Mr. Sasse?

THE DEFENDANT: Yes, we reviewed it, your Honor.

THE COURT: And before you signed Exhibit 1 did Mr. Sasse answer each and every question that you had regarding anything contained in the Rule 11 agreement as well as the attached worksheets?

THE DEFENDANT: Yes, he did, your Honor.

THE COURT: Do you have any questions at all regarding anything contained in the Rule agreement, as well as the attached worksheets?

THE DEFENDANT: I do not.

. . . .

THE COURT: And could you please turn to page 5, paragraph 7 of the appeal

    waiver? It reads: "Defendant waives his right to appeal his conviction and may only appeal or otherwise challenge any part of his sentence to which he has not stipulated in this plea agreement and attached worksheets. The government agrees not to appeal any sentence within the guideline range it has recommends in this agreement."

    "Defendant understands that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily waives that right and agrees not to contest this conviction or sentence in any post-conviction proceeding, including but not limited to any proceeding under 28 U.S.C. Section 2255."

    Mr. Mitchell, did you hear what I just read to you?

THE DEFENDANT: Yes, I did, your Honor.

THE COURT: Any questions?

THE DEFENDANT: No, I don't have any questions.

. . . .

THE COURT: All right. Ms. Abraham, is there anything that you wish to put on the record regarding the Rule 11 provisions?

MS. ABRAHAM: Yes, please your Honor. Two matters.

. . . .

MS. ABRAHAM: Okay. The Court identified for you our agreed upon guideline range of 100 to 120 months. You understand that this Rule 11, the parties are agreeing that your sentence of imprisonment will be 120 months?

THE DEFENDANT: Yes.
. . . .

THE COURT: Are you pleading guilty freely and voluntarily because you are guilty and it is your choice to plead guilty to Count 1 of the first superceding information?

THE DEFENDANT: It is, your Honor.

(ECF No. 29).

This Court accepted Mitchell's guilty plea and ultimately sentenced Mitchell to a term of 120 months' imprisonment – the sentence provided for in the Rule 11 Plea Agreement. (ECF No. 15). Mitchell did not file a direct appeal.

On June 3, 2016, Mitchell filed a *pro se* Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 16) but he later voluntarily dismissed it. (ECF No. 20).

On May 4, 2018, Mitchell filed the instant *pro se* Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 21). The Government has filed a response brief in opposition to the motion (ECF No. 26) and Mitchell has filed a reply brief. (ECF No. 28). Thus, the motion has been fully briefed.

## ANALYSIS

In responding to Petitioner's § 2255 Motion, the Government asserts that the motion must be denied for several reasons: 1) Mitchell waived his right to file a motion under 28 U.S.C. § 2255; 2) the motion is untimely; 3) Mitchell procedurally defaulted when he did not raise the claims on direct appeal; and 4) the motion would also fail on the merits because Mitchell has failed to show that his trial counsel was ineffective.

The Court need not reach all of those arguments because the Court agrees that Mitchell waived his right to file a motion under 28 U.S.C. § 2255.

As the Sixth Circuit has explained, "'[i]t is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement.'" *United States v. Calderon*, 388 F.3d 197, 199 (6th 2004) (quoting *United States v. Fleming*, 239 F.3d 761, 763-

64 (6th Cir. 2001)). That includes the right to collaterally attack a conviction or sentence in a § 2255 petition. *United States v. Watson*, 165 F.3d 486, 488-89 (6th Cir. 1999); *Short v. United States*, 471 F.3d 686, 697-98 (6th Cir. 2006); *United States v. Coker*, 514 F.3d 562, 573 (6th Cir. 2008).

Here, Mitchell's motion acknowledges that he pleaded guilty pursuant to a Rule 11 Plea Agreement. Mitchell does not dispute that his Rule 11 Plea Agreement contains a waiver of his right to collaterally attack his sentence. Mitchell asserts, however, that he "never executed a signed document waiving" his rights to appeal or collaterally attack his sentence. (*See* ECF No. 21 at PageID.58). That assertion is belied by Mitchell's sworn statements made under oath at his plea hearing on November 13, 2009. Mitchell testified under oath that his signature appeared on the Rule 11 Plea Agreement, which contains the waiver provision that this Court read aloud to Mitchell on the record, before determining that his plea was knowingly and voluntarily made. A defendant is bound by his statements given under oath a plea hearing. *Baker v. United States*, 781 f.2d 85, 90 (6th Cir. 1986).

Mitchell validly waived his right to collaterally attack his sentence and, therefore, Mitchell cannot collaterally attack his sentence under 28 U.S.C. § 2255.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Mitchell's motion under 28 U.S.C. § 2255 is DENIED.

This Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. In addition, this Court DECLINES TO ISSUE A CERTIFICATE OF APPEALABILITY under 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

                                              s/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated: March 19, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 19, 2019, by electronic and/or ordinary mail.

                                              s/Jennifer McCoy
                                              Case Manager